UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
SHOWAYNE TELFER,                                                    Civil Action No.

                              Plaintiff,

    -against-                                                       **COMPLAINT**

MOLD-RITE PLASTICS, LLC,
BILL RAVENUE,
TONY BALDWIN, and                                                   Plaintiff Demands a
RUSSEL STONE,                                                       Trial By Jury

                              Defendants.
---------------------------------------------------------------------------X

Plaintiff, SHOWAYNE TELFER (hereinafter referred to as Plaintiff or " TELFER"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, as and for his Complaint in this action against the Defendants, MOLD-RITE PLASTICS, LLC (hereinafter referred to as "MOLD-RITE"), BILL RAVENUE (hereinafter referred to as "RAVENUE"), TONY BALDWIN (hereinafter referred to as "BALDWIN"), and RUSSEL STONE (hereinafter referred to as "STONE") (hereinafter collectively referred to as "Defendants"), respectfully alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action charging that Defendants violated Plaintiff's rights pursuant to, *inter alia*, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), 42 U.S.C. §1981 ("1981"), New York State Human Rights Law; New York Executive Law, § 290, et seq. ("the Executive Law"); and the Administrative Code of the City of New York 8-107 et seq. ("NYCHRL"), based upon the supplemental jurisdiction of

this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff suffered as a result of being discriminated against by his employer on the basis of his race, color, and national origin, along with a hostile work environment, retaliation, and wrongful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and 1981. The Court also has jurisdiction pursuant to 29 U.S.C. § 2617; 28 U.S.C. §§ 1331, 1343, and pendent jurisdiction thereto.

4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on April 19, 2018.

5. On February 15, 2019, Plaintiff received a Notice of Right to Sue letter, dated February 11, 2019.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

8. Plaintiff TELFER is an individual black male of Jamaican descent residing in the State of New York.

9. At all times material, Defendant MOLD-RITE, is a foreign limited liability company duly existing by the virtue and laws of the State of Delaware that does business in the State of New York.

10. MOLD-RITE is a provider of rigid plastic packaging components.

11. At all times material, Defendant MOLD-RITE employed Defendant RAVENUE as a Supervisor. Defendant RAVENUE held a supervisory position at Defendant MOLD-RITE, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. Defendant RAVENUE is a Caucasian, American male.

12. At all times material, Defendant MOLD-RITE employed Defendant BALDWIN as a Color Mixer. Defendant BALDWIN held a supervisory position at Defendant MOLD-RITE, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. Defendant BALDWIN is a Caucasian, American male.

13. At all times material, Defendant MOLD-RITE employed Defendant STONE as a Supervisor. Defendant STONE held a supervisory position at Defendant MOLD-RITE, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. Defendant STONE is an Caucasian, American male.

14. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable state and local statutes.

## FACTUAL ALLEGATIONS

15. On or about August 23, 2016, Defendant MOLD-RITE hired Plaintiff as a Color Mixer for their Plattsburgh, NY branch location. Plaintiff's regular job duties included mixing plastic materials, operating machines, retrieving colors from the warehouse, and cleaning.

16. At all times material, Defendant MOLD-RITE employed DEREK (last name unknown) (hereinafter referred to as "DEREK") as a Color Mixer. DEREK held a supervisory position at Defendant MOLD-RITE, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. DEREK is an Caucasian, American male.

17. At all times material, Defendant MOLD-RITE employed JESSICA (last name unknown) (hereinafter referred to as "JESSICA") as a Human Resources Manager. JESSICA held a supervisory position at Defendant MOLD-RITE, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. JESSICA is an Caucasian, American female.

18. In or around December 2016, Defendant assigned DEREK to train Plaintiff. DEREK regularly made discriminatory comments about Plaintiff's race and national origin, insulting Plaintiff's Jamaican accent.

19. DEREK also refused to train Plaintiff because he was Jamaican and told RAVENUE that Plaintiff's Jamaican accent made him "untrainable."

20. In or around March 2017, Defendant BALDWIN said during the morning meeting, "Showayne, you don't know anything. This isn't picking apples." Defendant BALDWIN's discriminatory comment was made in front of supervisors and encouraged by co-workers, but no preventative or corrective measures were taken.

21. Defendants discriminated against Plaintiff on the basis of his race, color, and national origin by repeatedly indicating that black Jamaicans were too stupid to perform any tasks more complicated than picking apples.

22. In or around July 2017, Defendant BALDWIN told Plaintiff, "The only thing Jamaicans are good for is picking apples."

23. In or around July 2017, Defendant RAVENUE asked Defendant BALDWIN to train Plaintiff, but BALDWIN refused on the basis of Plaintiff's race and national origin.

24. In or around July 2017, Plaintiff told Defendant BALDWIN that BALDWIN's glasses made him look like a doctor. BALDWIN replied, "You know what you look like, Showayne? An apple picker." Defendant BALDWIN thereby discriminated against Plaintiff on the basis of his race and national origin.

25. Defendant subjected Plaintiff to a hostile work environment on the basis of his race and national origin.

26. In or around September 2017, Plaintiff offered to help fix a problem and Defendant BALDWIN responded, "You don't need to come. This isn't picking apples."

27. In or around late September 2017, Plaintiff brought Defendant RAVENUE to the human resources department and complained of race, color, and national origin discrimination to RAVENUE and JESSICA, a human resources employee. JESSICA stated that she "didn't know what to do" about Plaintiff's complaints of discrimination. Defendants took no preventative or corrective measures.

28. In or around late September 2017, Defendant BALDWIN told Plaintiff, "All Jamaicans are apple pickers" and "All you know how to do is pick apples."

29. Defendant subjected Plaintiff to a hostile work environment on the basis of his race, color, and national origin.

30. From the time of his complaint in or around late September 2017, until his termination in or around November 2017, Defendant retaliated against Plaintiff in response to his protected activity by negatively impacting the terms and conditions of his employment. Defendant called Plaintiff into the office on a daily basis and ordered him to sign write-ups. Plaintiff refused to sign these write-ups on the basis that they were arbitrary and retaliatory.

31. In or around November 2017, Defendant STONE repeatedly made eye contact with Plaintiff and then egregiously pantomimed a lynching. STONE placed his hand near his neck and mimed a noose. He then proceeded to imitate a hanging man by cocking his head and sticking his tongue out as a dead man would. This happened on several occasions. Plaintiff was shocked and horrified by these threatening depictions of racially-charged lynchings.

32. Defendants subjected Plaintiff to a hostile work environment on the basis of his race, color, and national origin.

33. On or about November 30, 2017, Defendant discriminated against and terminated Plaintiff because of his race and national origin, and because he complained and opposed the unlawful conduct of Defendant related to the above protected classes.

34. Plaintiff's last day at work was November 30, 2017.

35. At the time Defendants terminated Plaintiff, Plaintiff's hourly rate was approximately $16.00, and Plaintiff worked approximately 50 hours per week.

36. Defendants discriminated against and terminated Plaintiff on the basis of his race, color, and national origin, and because Plaintiff complained or opposed the unlawful conduct of Defendants related to the above protected classes.

37. The above are just some examples of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

38. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments including difficulty eating and sleeping.

39. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

40. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to his professional reputation.

41. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

42. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants, jointly and severally.

43. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

44. Plaintiff also seeks reinstatement.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
(AGAINST DEFENDANT MOLD-RITE)**

45. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

46. Title VII states in relevant part as follows:

(a) Employer practices: It shall be an unlawful employment practice for an employer:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

47. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant MOLD-RITE. Among other discriminatory comments and conduct, Defendant MOLD-RITE discriminated against Plaintiff on the basis of his race, color, and national origin, and creating a hostile work environment. Plaintiff complains of Defendant MOLD-RITE's violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, or national origin.

48. Defendant MOLD-RITE engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

49. Defendant MOLD-RITE violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER TITLE VII
(AGAINST DEFENDANT MOLD-RITE)**

50. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

51. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment

practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

52. Defendant MOLD-RITE engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

53. Defendant MOLD-RITE violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
## (AGAINST ALL DEFENDANTS)

54. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

55. 42 U.S. Code § 1981 - Equal rights under the law states provides:

   (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

   (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

   (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

56. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving Middle-eastern, Arabic individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

57. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of his contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

58. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

59. Defendants violated the above and Plaintiff suffered numerous damages as a result.

60. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S. Code § 1981.

### AS A FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW
### (AGAINST ALL DEFENDANTS)

61. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

62. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic

violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

63. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race, color, and national origin, as well as creating a hostile work environment and wrongfully terminating Plaintiff based on his membership in the aforementioned protected classes.

64. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

65. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTH CAUSE OF ACTION
### FOR RETALIATION UNDER STATE LAW
### (AGAINST ALL DEFENDANTS)

66. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

67. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

68. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

69. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

70. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

71. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

72. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

73. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

74. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

75. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Date: New York, New York
May 10, 2019

    Respectfully Submitted,
    **DEREK SMITH LAW GROUP, PLLC.**
    Attorneys for Plaintiff

BY: /s/ Ishan Dave
    Ishan Dave, Esq.
    One Pennsylvania Plaza, 49th Floor
    New York, New York 10119
    (212) 587-0760